UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CYNEQUA HAYNIE </br></br>  Plaintiff, </br></br> vs. </br></br> GC SERVICES LIMITED PARTNERSHIP, INC. </br></br>  Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 4:11-cv-01429 </br> ) </br> ) </br> ) </br> ) </br> ) |

## **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

CYNEQUA HAYNIE, ("Plaintiff"), through the undersigned counsel, Dave Lilley, LLC, alleges the following against GC SERVICES LIMITED PARTNERSHIP, LLP, ("Defendant"):

### *INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Cynequa Haynie an individual consumer, against Defendant, GC Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Texas Fair Debt Collection Practices Act, § 392 *et seq.* (hereinafter "TDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complaint of occurred here.

## PARTIES

3. Plaintiff, Cynequa Haynie is a natural person with a permanent residence of 1003 Moore St., Prescott, Arkansas 71857.

4. Upon Information and belief the Defendant, GC Services Limited Partnership, Inc. is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 630 Gulfton Street, Huston, Texas, 77081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in October, 2010.

7. Within one (1) year preceding the date of this Complaint, Defendant's agent, in connection with the collection of the alleged debt, did falsely represent or imply to Plaintiff that she had to deal with that specific agent by stating, "There is no one else who can help you."

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did state to Plaintiff, "Your income taxes could be garnished, along with your wages.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did state to Plaintiff, Whatever shows up under your social security number is what we can take."

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did call Plaintiff several times a day over a period of days.

## CLAIM FOR RELIEF

11. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

12. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in garnishment of wages and tax returns of Plaintiff such action is unlawful or the Defendant or alleged creditor does not intend to take such action; and

(f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(g) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt and/or obtaining information concerning the Plaintiff; and

(h) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

13. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

14. As a result of the foregoing violations of the FDCPA, defendant is liable to the plaintiff Cynequa Haynie for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

CLAIM FOR RELIEF

15. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

16.     Defendant violated TDCPA § 392. Defendant's violations of TDCPA § 392 include, but are not limited to the following:

    a)  Defendant violated TDCPA § 392.302(4) by calling Plaintiff's telephone to ring repeatedly or continuously, and/or making repeated or continuous telephone calls to Plaintiff, with the intent to harass a person at the called number; and

    b)  Defendant violated TDCPA § 392.302(1) by using profane or obscene language or language intended to abuse unreasonably Plaintiff, who was the hearer or reader; and

    c)  Defendant violated TDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

17.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18.     As a result of the above violations of the TDCPA § 392, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant GC Services Limited Partnership, Inc. for the following:

    A.  Declaratory judgment that Defendant's conduct violated the FDCPA.

    B.  Actual damages.

    C.  Statutory damages pursuant to 15 U.S.C. § 1692k.

    D.  Statutory damages pursuant to TDCPA § 392.

E.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and TDCPA § 392;

F.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

G.      For such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff CYNEQUA HAYNIE demands trial by jury in this action.

This 13th day of April, 2011.

ALEX SIMANOVSKY & ASSOCIATES, LLC

*/s/ Dave Lilley*
Dave Lilley, Esq.
TX Bar No. 24035064
Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891